TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

XAVIER BECERRA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 18-501 |
| of | : | September 9, 2019 |
| XAVIER BECERRA Attorney General | : | |
| ANYA M. BINSACCA Deputy Attorney General | : | |

_____

THE HONORABLE MICHAEL C. GHIZZONI, COUNTY COUNSEL, COUNTY OF SANTA BARBARA, has requested an opinion on the following question:

Is a nonprofit public benefit corporation that is an instrumentality of a city housing authority exempt from the documentary transfer tax?

CONCLUSION

Yes. A nonprofit public benefit corporation that is an instrumentality of a city housing authority is exempt from the documentary transfer tax.

1

ANALYSIS

The documentary transfer tax is a tax that may be imposed upon the transfer of ownership of real property. The Documentary Transfer Tax Act[1] allows cities and counties to impose such a tax by ordinance.[2]

Revenue and Taxation Code section 11922, contained in the Transfer Tax Act, exempts transactions involving particular government entities from the tax: "Any deed, instrument or writing to which the United States or any agency or instrumentality thereof, any state or territory, or political subdivision thereof, is a party shall be exempt from any tax imposed pursuant to this part when the exempt agency is acquiring title."[3]

We are informed that it is common for housing authorities in California to create nonprofit public benefit corporations, asserting Health and Safety Code section 34350, subdivision (g) as authority to do so.[4] We have been asked for our opinion as to whether a

---

[1] Rev. & Tax. Code, §§ 11901-11935.

[2] Rev. & Tax. Code, § 11911, subds. (a), (b). These sections provide:

(a) The board of supervisors of any county or city and county, by an ordinance adopted pursuant to this part, may impose, on each deed, instrument, or writing by which any lands, tenements, or other realty sold within the county shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed (exclusive of the value of any lien or encumbrance remaining thereon at the time of sale) exceeds one hundred dollars ($100) a tax at the rate of fifty-five cents ($0.55) for each five hundred dollars ($500) or fractional part thereof.

(b) The legislative body of any city which is within a county which has imposed a tax pursuant to subdivision (a) may, by an ordinance adopted pursuant to this part, impose, on each deed, instrument, or writing by which any lands, tenements, or other realty sold within the city shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed (exclusive of the value of any lien or encumbrance remaining thereon at the time of sale) exceeds one hundred dollars ($100), a tax at the rate of one-half the amount specified in subdivision (a) for each five hundred dollars ($500) or fractional part thereof.

[3] Rev. & Tax. Code, § 11922.

[4] Health & Saf. Code, § 34350, subd. (g) (a housing authority has the power to "make

nonprofit public benefit corporation created by a city housing authority is a "political subdivision" of the state within the meaning of section 11922 (and thus exempt from the documentary transfer tax). We conclude that it is.

We have previously examined whether a county water district was a political subdivision of the state entitled to the exemption in section 11922.[5] We observed that various authorities "could be mechanically cited in favor or against the inclusion of county water districts within the term 'political subdivision,'" and so we opted instead to look to evidence of section 11922's purpose.[6] To that end, we noted that the statute uses the term "exempt agency" as a broad catch-all in its final phrase: "when the exempt agency is acquiring title." This sweeping usage indicated to us that the exemption was intended to be applied inclusively: "[I]f the entity involved can be classified as a government agency, it is exempt from the tax."[7] After also examining the legislative history, we concluded that the use of "political subdivision" in section 11922 was meant to apply broadly rather than restrictively, and that county water districts did qualify for the exemption.[8]

We reach the same conclusion here as to nonprofit public benefit corporations created by housing authorities. A housing authority created under state law "constitutes a corporate and politic public body, exercising public and essential governmental functions

---

and execute contracts and other instruments necessary or convenient to the exercise of any of the powers granted . . .").

[5] 56 Cal.Ops.Atty.Gen. 79 (1973).

[6] 56 Cal.Ops.Atty.Gen., *supra*, at p. 81, citing *Rock Creek Water Dist. v. County of Calaveras* (1946) 29 Cal.2d 7, 9-10 (examining whether certain water districts were "municipal corporations"; acknowledging that "municipal corporation" could be given a "strict technical" meaning or a broader one; and employing tenet that "the objective sought to be achieved by a statute as well as the evil to be prevented is of prime consideration in its interpretation").

[7] 56 Cal.Ops.Atty.Gen., *supra*, at p. 83.

[8] 56 Cal.Ops.Atty.Gen., *supra*, at pp. 82-84; see also 85 Ops.Cal.Atty.Gen. 235, 238 (2002) (Legislative Analyst described exemption as applying broadly); accord, 54 Ops.Cal.Atty.Gen. 218, 219 (1971) ("The obvious purpose of section 11922 is to require the counties to exempt from their tax all deeds in which title to real property is transferred to the 'state' or other governmental entities").

. . . ."[9]  Therefore a housing authority is a government agency, and thus exempt from the documentary transfer tax under section 11922.[10]

We see no material difference arising from the circumstance that the taxable event—filing a deed or other instrument of property transfer—is undertaken by the nonprofit public benefit corporation created by the public agency, rather than by the housing agency itself. When it exercises the powers of a public housing agency, a nonprofit created by the housing agency is a "political subdivision" entitled to an exemption from the documentary transfer tax.

Therefore we conclude that a nonprofit public benefit corporation that is an instrumentality of a city housing authority is exempt from the documentary transfer tax.

*****

---

[9] Health & Saf. Code, § 34310.

[10] See 56 Ops.Cal.Atty.Gen., *supra*, at p. 83.

4